UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK O. LALLATHIN individually and on behalf of others similarly-situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>RO RO INC. d/b/a $29.99 SHOE WEARHOUSE,<br><br>　　　　　Defendant. | Cause No. 1:09-cv-1293-WTL-DML |

**ENTRY ON MOTION TO CERTIFY COLLECTIVE ACTION**

Before the Court is the Plaintiffs' Motion for Collective Action Certification (Docket No. 19). This motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. LEGAL STANDARD**

The Fair Labor Standards Act ("FLSA") provides that an action for unpaid overtime may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In a FLSA collective action, an individual can only become a plaintiff if he "gives his consent in writing to become a such a party and such consent is filed in the court in which such action is brought.'" *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (quoting 29 U.S.C. § 216(b)). Thus, "[c]ollective actions under the FLSA depart from normal class action practice under FED. R. CIV. P. 23 because plaintiffs must 'opt-in' in order to be bound by a judgment." *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 604 (W.D. Wis. 2006).

To determine whether a court should exercise its discretion and authorize the sending of

notice to potential plaintiffs, the court considers "whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Id*. at 605. "The FLSA does not set out a method for determining whether potential plaintiffs are similarly situated . . . and the Supreme Court and the Court of Appeals for the Seventh Circuit have not provided any guidance on the question." *Id*. However, courts within the Seventh Circuit traditionally use a two-step inquiry when certifying, and decertifying, collective actions.

> In the first step . . . the plaintiff must demonstrate a reasonable basis for believing that she is similarly situated to potential class members. If the plaintiff makes this showing, the court conditionally certifies a class, authorizes notice and the parties conduct discovery. At the close of discovery, the defendant may make a motion for decertification, at which point the court examines in detail the evidence and arguments submitted by the parties on the question of similar situation. If the court finds that any of the opt-in plaintiffs are not similarly situated to the representative plaintiff, it may dismiss them without prejudice. Also, the court may decertify the entire class if none of the class members are similarly situated. However, if the plaintiff demonstrates that the class members are similarly situated, the case proceeds to trial as a class action.

*Id.*

The first step does not impose a high burden on the plaintiff. "Courts have held that plaintiffs can meet their burden by making a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). "Put another way, a plaintiff must demonstrate that there is some factual nexus that connects him to other potential plaintiffs as victims of an unlawful practice." *Id*. at 605-06.

## II.  BACKGROUND

The named Plaintiff, Jack Lallathin, was hired for the position of Store Manager of the Defendant's store on 16th Street in Indianapolis, Indiana. Lallathin was a salaried employee who

reported to Regional Manager Tony Austin.  Austin supervised stores in several states.  In July 2008, the Defendant transferred Lallathin from its 16th Street store to its 38th Street store.  Lallathin continued to hold the position of Store Manager.

As Store Manager, Lallathin's primary duties "included customer service, sales, stocking shelves, unloading trucks, recording inventory, ringing up customers, taking out trash, cleaning the store and restroom, and maintaining the parking lot."  Docket No. 20 at 2.  During the course of his employment, Lallathin did not routinely supervise two or more full-time employees.  In fact, he claims that "[f]or months at a time, [he] was the only employee working at his store."  *Id*. at 3.

Lallathin alleges that during the course of his employment, he worked more than forty hours in a given week.  Because the Defendant failed to pay him overtime wages when he worked more than forty hours in a given week, Lallathin brought this FLSA suit.  He now seeks to certify a collective action of a class of:

> Present and former Store Managers employed by Ro Ro, Inc. d/b/a $29.99 Shoe Warehouse for any period of time from three (3) years preceding the Court's Order approving the conditional certification of the collective action, to the present, and who have not been paid wages or otherwise compensated for time spent working beyond 40 hours per week, resulting in any unpaid overtime.

*Id*. at 4.

### III.  DISCUSSION

At this stage of the proceeding, Lallathin need only "demonstrate a reasonable basis for believing that [he] is similarly situated to potential class members."  *Austin*, 232 F.R.D. at 605.  In essence, he must show that "there is some factual nexus that connects him to other potential plaintiffs as victims of an unlawful practice."  *Id*. at 605-06.  To this end, Lallathin introduced a

declaration stating that he has "spoken with several Store Managers at other Defendant stores. Per these individuals, their primary duty has likewise not been the management of the stores at which they have worked." Docket No. 20 Ex. 1 ¶ 8. He also claims that he has "been told by other Store Managers that they have been required to work beyond 40 hours per week and have not been paid wages or otherwise compensated by Defendant for these overtime hours." Docket No. 20 at 6-7.

This is insufficient to support collective action certification. Lallathin has not presented any actual evidence indicating that Store Managers have similar duties or responsibilities. Nor does he prove any evidentiary support for his overtime allgations. Although Lallathin avers that he has spoken to other Store Managers who purportedly support his position, the Court cannot find a single case that has certified a collective action based on only these grounds. Accordingly, because Lallathin has not demonstrated a reasonable basis for believing that he is similarly situated to the potential class members, his motion is **DENIED**. If additional evidence surfaces to support Lallathin's collective action claim, then he should bring it to the Court's attention and file another motion for collective action certification.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Collective Action Certification (Docket No. 19) is **DENIED**.

SO ORDERED: 06/28/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

John H. Haskin
Haskin Lauter & Larue
jhaskin@hlllaw.com

Meghan Uzzi Lehner
Haskin Lauter & Larue
mlehner@hllglaw.com

Robert Anthony Prather
Barnes & Thornburg LLP
tony.prather@btlaw.com

James A. Smith
Attorney at Law
jim@attorneyjimsmith.com

Bradley L. Wilson
Haskin Lauter & Larue
bwilson@hlllaw.com